No. 25-40204

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

BOAZ ALLYN-FEUER,

Plaintiff-Appellant,

*versus*

JOHN DOE, U.S. BORDER PATROL AGENTS 1–20; UNITED STATES OF AMERICA,

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of Texas
Civil Action No. 2:23-cv-117

BRIEF OF APPELLANT BOAZ ALLYN-FEUER

*Submitted by*:
Randall L. Kallinen & Alexander C. Johnson
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77102
Telephone: 713.320.3785
**Attorneys for Appellant**

CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Appellant: | Counsel for Appellant: |
|---|---|
| Boaz Allyn-Feuer | Randall Kallinen & Alexander Johnson |
|  | Kallinen Law PLLC, Houston, Texas |

| Appellees: | Counsel for Appellees: |
|---|---|
| United States | Lance G. Duke |
|  | United States Attorney's Office, |
|  | Corpus Christi, Texas |
| John Doe Border Patrol Agents |  |

**Trial Judge:** David S. Morales

> */s/ Alexander C. Johnson*
> Alexander C. Johnson
> **Attorney for Appellant**

i

# S<small>TATEMENT</small> R<small>EGARDING</small> O<small>RAL</small> A<small>RGUMENT</small>

The basis of this lawsuit is factually intensive, and Appellant respectfully suggests that the Court would benefit from hearing oral arguments. Appellant moves pursuant to Federal Rule of Appellate Procedure 34(a) to add this case to the argument calendar. This case meets the standards in Rule 34(a)(2) for oral argument, in that (a) this appeal is not frivolous, (b) the dispositive issues raised in this appeal have not been recently and authoritatively decided, and (c) the decisional process would be significantly aided by oral argument.

Further elucidation beyond the cold facts in the briefs would assist the Court in these proceedings, along with a detailed discussion of the complex legal issues presented. Appellant seeks a reversal of the district court, and it is an understanding of the nuances in the facts and legal reasoning that oral argument would benefit.

## TABLE OF CONTENTS

Certificate of Interested Persons　　i

Statement Regarding Oral Argument　　ii

Table of Contents　　iii

Table of Citations　　iv

Jurisdictional Statement　　1

Statement of the Issues　　1

Statement of the Case　　2

    **Course of Proceedings**　　2

    **Statement of Facts**　　3

    **Standard of Review**　　5

Summary of the Argument　　5

Argument　　6

  1. **The customs-duty exception should not shield Border Patrol agents from torts committed against the person.**　　6

  2. **The district court's sua sponte dismissal of the John Doe Border Patrol agents is reversible error.**　　11

Conclusion　　12

Certificate of Service　　14

Certificate of Compliance　　14

# TABLE OF CITATIONS

**CASES**

*Angulo v. Brown*, 978 F.3d 942, 953 (5th Cir. 2020) .................................... 7

*Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ............ 11

*Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ................................. 11

*Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) .. 12

*Dickson v. United States*, 11 F.4th 308, 314 (5th Cir. 2021) ....................... 8

*Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir. 1985) . 9

*Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994) ....................... 7

*Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) ....................... 5

*Kosak v. United States*, 465 U.S. 848, 859 (1984) ....................................... 9

*Millbrook v. United States*, 569 U.S. 50, 57 (2013) ..................................... 8

**STATUTES**

28 U.S.C. § 2680(b) ...................................................................................... 9

28 U.S.C. § 2680(c) ...................................................................................... 6

28 U.S.C. § 2680(h) ................................................................................... 6, 7

# JURISDICTIONAL STATEMENT

Jurisdiction exists under 28 U.S.C. § 1331 federal question jurisdiction because this case arises under 28 U.S.C. § 1346(b) and *Bivens* for the alleged violation of Appellant's civil rights. Jurisdiction also exists under 28 U.S.C. § 1343(3) to redress the deprivation of Appellant's civil rights. This Court has jurisdiction under 28 U.S.C. § 1291 as an appeal from the final decision of a district court, and under Federal Rule of Appellate Procedure 4.

# STATEMENT OF THE ISSUES

1. Whether there is subject matter jurisdiction for Appellant's claim against the United States under the Federal Tort Claims Act for the intentional torts of U.S. Border Patrol agents engaging in an investigation for drugs.

2. Whether the district court committed reversible error in its *sua sponte* dismissal of the John Doe agents absent giving Appellant notice or an opportunity to respond.

## STATEMENT OF THE CASE

**Course of Proceedings**

This civil rights case was originally filed on May 1st, 2023, and the complaint was amended for the first and only time on January 16th, 2024.[1] The United States filed its motion to dismiss on March 22nd, 2024, Plaintiff responded, and the United States replied.[2] The John Doe Border Patrol agents are not identifiable absent discovery,[3] and therefore did not move to dismiss the claims against them. Nevertheless, at the same time that the district court granted the United States' motion to dismiss, it also *sua sponte* dismissed the John Doe agents, on March 11th, 2025.[4] Final judgment was initially issued the following day, but was vacated on April 2nd, at which point a new final judgment was issued.[5] Plaintiff timely filed his notice of appeal on April 9th, 2025.[6]

---

[1] ROA.2 (Docs. 1, 10).
[2] ROA.3 (Docs. 14, 19, 21).
[3] *See* ROA.68 (Plaintiff noting that he "asked for paperwork documenting the incident or a business card and the border patrol agent gave neither," and that he later "reached a border patrol supervisor [by phone] who said there would be no record of events").
[4] ROA.4 (Doc. 28).
[5] ROA.4 (Docs. 29, 30, 31).
[6] ROA.4 (Doc. 32).

**Statement of Facts**

Because this case was dismissed at the pleading stage, the factual statement herein summarizes the live complaint at the time of dismissal.[7] Boaz Allyn-Feuer is a commercial airline pilot that has never been arrested or convicted of a crime in his life. After visiting McAllen, Texas for a few days, Boaz was driving north alone to return to his home in Colorado. About 48 miles north of McAllen at nearly 2:00 in the afternoon on May 1st, 2021, Boaz came upon a mandatory Border Patrol stop, so he stopped in the appropriate space. His windows were not tinted, and the interior of his car was easily visible.

He was informed that he was subject to an "immigration inspection," and he asked whether he was being detained (the signage and number of Border Patrol agents indicated that he was not free to leave). In response, the first agent he was talking to called for a canine to "run the vehicle," at which point he explicitly stated that Boaz was "being detained." The agent handling the canine came over with the dog, and Boaz did not see or hear an alert. Nevertheless, he was instructed to drive to a "secondary" position, confirmed again that he was being detained, and told that it was due to a "canine alert." There were no drugs in the vehicle

---

[7] ROA.67–76.

at the time, nor had there been at any point during his ownership of the vehicle. He alleges that either the dog did not alert, or that if it did, that the Border Patrol agents were aware that it did so without smelling contraband.

He explicitly told agents that he did not consent to any search of his vehicle. In response, they told him that they "don't require consent," at which point an agent pushed Boaz 20-30 feet over to a bench area, then pushed him down onto a bench. Boaz was not resisting, nor was there any other justification for the agent to use force against Boaz.

Despite the lack of consent and lack of probable cause, at least 10 agents searched his car, opening every possible container and leaving his car in disarray. After doing so, an agent then drove Boaz's car to an x-ray machine where the car was scanned. Boaz did not consent to the scan.

Afterward, Boaz was not provided any documentation or information by any of the agents he asked or interacted with, and was also told by a supervisor over the phone that there would be no records.

**Standard of Review**

On appeal, motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are considered *de novo*.[8] The Court is to "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff."[9] The burden is on the party asserting jurisdiction to show that the court has the statutory or constitutional power to adjudicate the claim.[10]

## SUMMARY OF THE ARGUMENT

The interaction between the law enforcement proviso and customs-duty exception requires a certain level of give-and-take between sometimes conflicting directives. However, in this particular instance, it is clear that the torts at issue involve the seizure and treatment of Boaz's *person*, rather than the detention of his vehicle. The district court also made a reversible error in its *sua sponte* dismissal of Boaz's other claims.

---

[8] *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018).
[9] *Id.* (internal quotations and citations omitted).
[10] *Id.*

# ARGUMENT

## 1. The customs-duty exception should not shield Border Patrol agents from torts committed against the person.

Appellant's claims were made under the Federal Tort Claims Act (FTCA), and involves the relationship between 28 U.S.C. § 2680(h), which waives the United States' sovereign immunity for certain intentional torts of law enforcement officers (the "law enforcement proviso") and 28 U.S.C. § 2680(c), which maintains the United States' sovereign immunity for claims involving the assessment or collection of any tax or customs duty, or the detention of any goods or property (the "customs-duty exception"). In short, the district court found that, according to its understanding of this Court's jurisprudence on the issue, *any* seizure and detention of goods by Border Patrol triggers the customs-duty exception, including for claims of the enumerated intentional torts against a person listed in the law enforcement proviso.[11]

Either the district court took an even broader view of this Circuit's already broad reading of the customs-duty exception and needs to be corrected, or it accurately reflected this Circuit's

---

[11] ROA.151–56.

understanding of the law enforcement proviso's relationship to the customs-duty exception, and it should course-correct its approach. Regardless, Appellant has statutory jurisdiction for his FTCA claim for the reasons explained presently. In short, if the law enforcement proviso and the customs-duty exception are to "be interpreted in a manner that reconciles them, without doing violence to either,"[12] then the conduct here must be actionable.

Beginning with the law enforcement proviso, it is clear that, in a vacuum, it applies. In relevant part, the statutory text reads:

> with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.[13]

Straightforwardly enough, the proviso allows for the listed intentional tort claims (in addition to any other waived tort claims

---

[12] *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994); *see also Angulo v. Brown*, 978 F.3d 942, 953 (5th Cir. 2020) (quoting the same).
[13] 28 U.S.C. § 2680(h).

7

available against federal officers generally) to be brought against the United States against any federal officer empowered to execute searches, seize evidence, or make arrests under federal law. In *Millbrook*, the U.S. Supreme Court held, in no uncertain terms, that with respect to 28 U.S.C. § 2680(h), "the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest."[14] Indeed, it made clear that it is the officer's *status* as a law enforcement officer that triggers the waiver, rather than the specific law enforcement *activities* the officer was performing.[15] Appellant brought such intentional tort claims, and there does not appear to be a dispute that Border Patrol agents are "investigative or law enforcement officers" under the statute.

The question then becomes whether the customs-duty exception takes this claim, which falls under the waiver of sovereign immunity through the law enforcement proviso, and

---

[14] *Millbrook v. United States*, 569 U.S. 50, 57 (2013).

[15] *Id.* at 56–57; *see also Dickson v. United States*, 11 F.4th 308, 314 (5th Cir. 2021) (reflecting this understanding of *Millbrook*).

8

supplies an exception to the waiver, returning the United States' sovereign immunity. In relevant part, the statutory text reads:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if [the enumerated conditions are met].[16]

The plain text of the statute centers around "the assessment or collection of any tax or customs duty," and "the detention of any goods, merchandise, or property," and contemplates an exception (in certain conditions) for "claims based on the injury of loss of goods, merchandise or other property while in possession" of a listed federal officer. Outside the context of the IRS, this exception has generally concerned claims about damage to property detained.[17]

---

[16] 28 U.S.C. § 2680(b).

[17] *See, e.g., Kosak v. United States*, 465 U.S. 848, 859 (1984) (construing it as an "exemption of claims for damage to goods in the custody of customs officials"); *Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir. 1985) (holding that it exempts claims for "destruction" of property in federal agents' custody).

9

At issue here are intentional tort claims against Boaz's person: false imprisonment, assault, and battery.[18] This Circuit claims kinship with the 9th Circuit with respect to its handling of such claims; it points to *Gasho* for the proposition that "the waiver of immunity in § 2680(h) applies only to tortious conduct not involving the seizure and detention of goods by Customs."[19] Using that reasoning, it held that the Gashos could not recover on an emotional distress claim for the seizure of their aircraft. But the very next section clarifies that "the Customs exception in § 2680(c) does *not* bar an intentional tort claim arising out of arrests by customs agents, as the exception applies *only* to the detention of goods and merchandise, not persons."[20]

Putting it all together, the customs-duty exception should not exempt the conduct at issue here. The Border Patrol agents here were performing an "immigration inspection," and searched the vehicle for people and drugs.[21] In doing so, they were not seeking to assess or collect any customs duty, but were performing a law enforcement task. While performing that task, they also,

---

[18] ROA.74.
[19] *Gasho*, 39 F.3d at 1433–34.
[20] *Id.* at 1434 (emphasis added).
[21] ROA.67–74.

10

separately, detained Boaz and used unjustified force against him.[22] Boaz's claims for *that* conduct is not related "to the detention of goods and merchandise," despite its contemporaneous occurrence. Holding otherwise would give Border Patrol agents *carte blanche* to commit *any* intentional tort while at *any* similar border checkpoint — if that was the case, they theoretically could have simply punched Boaz in the face, knocked him out, and dragged him to a corner so that they could conduct their search uninterrupted.

**2. The district court's <u>sua sponte</u> dismissal of the John Doe Border Patrol agents is reversible error.**

In ruling on the United States' motion, the district court also issued a *sua sponte* dismissal of the John Doe Border Patrol agents.[23] While *sua sponte* dismissal is allowed under this Court's precedent, doing so requires notice to the plaintiffs and an opportunity to respond.[24] *Sua sponte* dismissal without those

---

[22] ROA.67–74.
[23] ROA.47–48.
[24] *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)).

11

safeguards is considered reversible error.[25] Those safeguards were not present here,[26] so the district court should be reversed.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court **REVERSE** the district court's dismissal of his claims, and **REMAND** for further proceedings.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
   Bar No. 24123583
alex@acj.legal
511 Broadway Street
Houston, Texas 77012
Telephone: 573.340.3316
**Attorney for Appellant**

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas
   Bar No. 00790995
attorneykallinen@aol.com
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785

---

[25] *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)
[26] *See generally* ROA.1–5.

Fax: 713.893.6737
**Attorney for Appellant**

13

## CERTIFICATE OF SERVICE

I certify that on September 3rd, 2025, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice to all counsel of record through the Court's ECF System.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
**Attorney for Appellant**

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,960 words in total. This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word version 16, and is set in Century Old Style Std, size 14.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
**Attorney for Appellant**